JUDGE FRANK MONTALVO

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

FILED

2018 MAR 29  PM 2: 29

MARIA DOLORES MINJAREZ,
    Plaintiff,

v.

WAL-MART STORES TEXAS, LLC,
WAL-MART STORES, INC., and
RICK DODSON,
    Defendants.

§
§
§
§
§
§
§
§
§
§

Civil Action No. _____

# EP18CV0106

## WAL-MART'S[1] NOTICE OF REMOVAL

1.   This Notice of Removal is filed under 28 U.S.C. § 1441 based on diversity of citizenship.

## I. BACKGROUND

2.   Plaintiff's Original Petition was filed in state court and assigned to the 327th Judicial District Court of El Paso County, Texas, under Cause No. 2018-DCV-0155.[2]

3.   Plaintiff asserts state law claims for premises liability and negligence,[3] alleging that while shopping at Wal-Mart, she "slipped and fell on grapes which were loose on the floor."[4]

4.   Written notice of removal has been given to Plaintiff and the state court clerk.

5.   The state court clerk's records indicate that Plaintiff's pleading was served on Defendant Dodson on February 28, 2018, and that Wal-Mart has not been served (and need not be served since it has appeared),[5] thus removal is timely under 28 U.S.C. § 1446(b).

6.   The El Paso Division of the Western District of Texas embraces the place where the

---

[1] Wal-Mart Stores Texas, LLC and Wal-Mart Stores, Inc. will collectively be called Wal-Mart.

[2] See Exh. A, Plaintiff's Original Petition, P. 1.

[3] Exh. A, Plaintiff's Original Petition, Parts IV-V (note: there are two parts labeled "IV").

[4] Exh. A, Plaintiff's Original Petition, Part III.

[5] See Exh. B, District Clerk record.

state court case was pending, thus venue is proper under 28 U.S.C. §§ 1441(a) and 124(d)(3).

7.   Defendants answered in state court[6] and reserve the right to plead further as permitted.

8.   All documents filed in state court are attached as Exhibit A.

## II. BASIS FOR REMOVAL

9.   This case is being removed based on diversity of citizenship under 28 U.S.C. § 1441(b).

### A.  Diversity of Citizenship

10.   Plaintiff is a Texas citizen.[7]

11.   Neither Wal-Mart entity sued is a Texas citizen.

12.   Defendant Wal-Mart Stores Texas, LLC is a limited liability company which was formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas. Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas, LLC. Wal-Mart Property Co. is the sole unit holder of Wal-Mart Real Estate Business Trust. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East, LP is a limited partnership which was formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas. WSE Management, LLC is the sole general partner, and WSE Investment, LLC is the sole limited partner, of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both limited liability companies which were formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East,

---

[6] *See* Exh. A, Original Answers of all Defendants.

[7] *See* Exh. A, Plaintiff's Original Petition, Part II.

LLC. Wal-Mart Stores East, LLC is a limited liability company whose principal place of business is in Bentonville, Arkansas. Wal-Mart Stores, Inc. is the sole member of Wal-Mart Stores East, LLC. Wal-Mart Stores, Inc. is a corporation which was formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas.[8]

13.   As noted above, Defendant Wal-Mart Stores, Inc. is a corporation formed under the laws of the State of Delaware with its principal place of business in Arkansas.[9]

14.   As to Defendant Dodson, because no claim upon which relief can be granted has been pled against him, he is improperly joined and his citizenship is irrelevant.[10]

15.   An employer premises owner has a duty to use ordinary care in providing safe premises and "[w]hen the employer is a corporation, the law charges the corporation itself, not the individual corporate [agent], with [this duty]."[11]   Further, while corporate agents can be liable for their own negligence, "individual liability arises only when the…agent owes an independent duty of reasonable care to the injured party apart from the employer's duty."[12] The rule that an employee/agent's liability requires an independent duty apart from that of

---

[8] Exh. C, Affidavit of Geoffrey W. Edwards. *See also Lindsey v. Walmart*, No. 3:10-CV-1587-L, 7 (N.D. Tex. Nov. 30, 2010) (holding that "[n]one of the Wal-Mart [e]ntities [sued] [which included Wal-Mart Stores, Inc., and Wal-Mart Stores Texas, LLC] is a citizen of the State of Texas").

[9] *See* preceding footnote.

[10] *See Larroquette v. Cardinal Health 200*, 466 F.3d 373, 376 (5th. Cir. 2006) (applicable improper joinder test involves "determin[ing] whether…the complaint states a claim against the in-state defendant"); *Moreno Energy v. Marathon Oil*, 884 F. Supp. 2d 577, 580 (S.D. Tex. 2012) ("Citizenship of an improperly joined party is totally disregarded in determining…subject matter jurisdiction").

[11] *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

[12] *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

the employer/owner/principal extends to invitor-invitee premises liability cases.[13]

16.   Dodson is a Wal-Mart employee and Department Manager,[14] not a premises owner,[15] and thus cannot be found liable absent an independent duty. Plaintiff does not allege that such a duty existed, much less identify what it was or how it differed from Wal-Mart's duty.[16]

17.   Further, Plaintiff alleges that Dodson failed to "inspect the premises," "warn...of dangerous conditions," "establish and enforce safety rules and regulations," and "schedule sweepings,"[17] which are among the things Plaintiff faults Wal-Mart for.[18] Collective allegations are insufficient to plead an independent duty.[19]

18.   In addition, Plaintiff alleges that Dodson breached duties relating to the training and

---

[13] *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 837 (E.D. Tex. 2008) ("While *Leitch* held that officers of a corporation may be held individually liable only when they owe an independent duty of reasonable care apart from their employer's duty, *Tri [v. J.T.T. & M.T.,* 162 S.W.3d 552, 562 (Tex. 2005)] extends this rule to an invitor-invitee situation").

[14] *See* Exh. D, Dodson's Affidavit, ¶ 2 ("I am an employee of Wal-Mart"; "My job title is Department Manager").

[15] *See* Exh. D,  Dodson's Affidavit, ¶ 4 ("I do not and never have owned or leased the premises in question").

[16] *See Torres v. Hobby Lobby*, EP-13-CV-187-KC, 8 (W.D. Tex. Nov. 22, 2013) ("It is insufficient...to summarily allege that the store manager owes an independent duty—[a plaintiff] must establish what that duty is and how it is independent from the duty owed by the store") (internal brackets omitted).

[17] Exh. A, Plaintiff's Original Petition, Part V, items 6, 8, 9, 14.

[18] Exh. A, Plaintiff's Original Petition, Part IV (the second Part IV), items 6, 9, 3, 10.

[19] *See Torres v. Hobby Lobby*, EP-13-CV-187-KC, 6, n. 4 (W.D. Tex. Nov. 22, 2013) (only individual, not collective, allegations are relevant to independent duty).

supervision of employees.[20] Comparable claims have been held to involve no independent duty and thus to provide no basis for a claim against an individual employee.[21]

19.   Finally, the remaining duties Plaintiff claims Dodson breached are either duties of a premises owner or unrecognized under Texas law.[22]

20.   Accordingly, because Plaintiff has not pled an independent duty or other valid basis for a claim against Dodson, he is improperly joined and should be dismissed.[23]

21.   Thus, the properly joined parties are completely diverse.

### B. Amount in Controversy

22.   Plaintiff seeks damages "of $100,000.00 but no more than $200,000.00,"[24] thereby exceeding the $75,000 amount in controversy required by 28 U.S.C. § 1332(a).

### III. JURY DEMAND

23.   Defendants paid for a state court jury trial and request a jury trial in this Court.

### IV. PRAYER

24.   Wherefore, Wal-Mart requests that this case be placed on the Court's docket and that Defendant Dodson be dismissed with prejudice. Defendants further request any other relief to which they may be justly entitled at law or in equity.

---

[20] Exh. A, Plaintiff's Original Petition, Part V, items 11, 12.

[21] *See Torres v. Hobby Lobby*, EP-13-CV-187-KC, 8 (W.D. Tex. Nov. 22, 2013) (claims against employees based on such matters as training and supervision involve no independent duty).

[22] Exh. A, Plaintiff's Original Petition, Part V, e.g., item 1 (keep proper lookout and keep floors clean), item 2 (sweep), item 4 (use due care), item 5 (pay attention), item 7 (correct dangerous conditions which were or should have been known), item 13 (keep floor free from objects).

[23] *See Torres v. Hobby Lobby*, EP-13-CV-187-KC, 17 (W.D. Tex. Nov. 22, 2013) (dismissing improperly joined defendant against whom no claim was stated).

[24] Exh. A, Plaintiff's Original Petition, Part VI.

**WAL-MART'S NOTICE OF REMOVAL**                                    **Page 5 of 6**

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Drawer 1977
El Paso, Texas  79999-1977
Phone:   (915) 532-2000
Telefax: (915) 541-1597

By: _____
Laura Enriquez
State Bar No. 00795790
enriquez@mgmsg.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

In compliance with the Federal Rules of Civil Procedure, I certify that on this 29 day of March, 2018, a true and correct copy of the foregoing document was served on Plaintiff's attorneys of record as follows:

Tiffany N. Joudi                          **Served via:**
Scherr & Legate, PLLC                ✓ Facsimile
109 North Oregon Street, 12th Floor      _____ Certified Mail, RRR
El Paso, Texas 79901                     _____ Hand Delivery
(915) 544-0100
(915) 532-1759 (Fax)
tjoudi@scherrlegate.com

_____
Laura Enriquez

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: RICK DODSON, who may be served with process at 7101 GATEWAY BLVD W., EL PASO, TX 79925 or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 327th Judicial District Court, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 12th day of January, 2018 by Attorney at Law, TIFFANY NICOLE JOUDI, 109 NORTH OREGON 12TH FLOOR, EL PASO, TX 79901 in this case numbered 2018DCV0155 on the docket of said court, and styled:

### MARIA DOLORES MINJAREZ
### VS.
### WAL-MART STORES TEXAS, LLC, WALMART STORES, INC, AND RICK DODSON

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Request for Disclosure, Jury Request, First Request for Production of Documents and Things to Defendant and Privilege Log, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, and Plaintiff's Request for Admissions accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 8th day of February, 2018.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By: _Erica Romero_ , Deputy
Erica Romero

Rule 106: "the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

EXHIBIT
"A"

IN THE _____ JUDICIAL DISTRICT COURT
EL PASO COUNTY COURT AT LAW NUMBER _____,
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MARIA DOLORES MINJAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2017-DCV_____ |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| WAL-MART STORES, INC., and | § | |
| RICK DODSON. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARIA DOLORES MINJAREZ (hereinafter referred to as "Plaintiff"), complaining of WAL-MART STORES TEXAS, LLC (hereinafter referred to as "Defendant WAL-MART STORES. LLC"). WAL-MART STORES. INC. (hereinafter referred to as "Defendant WAL-MART STORES, INC.) and RICK DODSON (hereinafter referred to as "Defendant DODSON") and for a cause of action would respectfully show the Court and/or Jury as follows:

### I.    DISCOVERY LEVEL

Pursuant to Rule 190, Plaintiff requests discovery in this case be conducted in Level III.

### II.    PARTIES

Plaintiff is a resident of El Paso County, Texas. The last three numbers of Plaintiff's social security number are 042.

Defendant WAL-MART STORES TEXAS, LLC is a Delaware Corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent,

CT CORPORATION SYSTEM, or any other authorized officer or agent therein at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 and/or wherever may be found.

Defendant WAL-MART STORES TEXAS, INC. is a Delaware Corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, CT CORPORATION SYSTEM, or any other authorized officer or agent therein at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 and/or wherever may be found.

Defendant RICK DODSON is a resident of El Paso County, Texas and may be served with process at 7101 Gateway Blvd W., El Paso, Texas 79925 and/or wherever he may be found.

### III.   FACTS

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an incident that occurred on or about June 21, 2017, in El Paso County, Texas. At such time and place Plaintiff was inside Defendants' premises, at the Wal-Mart located at 7101 Gateway Blvd W., El Paso, Texas 79925, when Plaintiff slipped and fell on grapes which were loose on the floor. Said occurrence caused Plaintiff injuries. Plaintiff received injuries to her hip, head, neck, back, and other parts of her body. At the time, Plaintiff was an invitee to whom Defendants owed a duty to use reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

### IV.   PREMISES LIABILITY

While upon Defendant WAL-MART'S premises and under their control, Plaintiff suffered damages and injuries caused by a dangerous condition on the premises, which Defendants' actually knew or, in the exercise of ordinary care, should have known existed.

Defendants negligently caused or negligently permitted such condition to exist and negligently failed to warn Plaintiff of the condition of the premises, despite the fact that Defendants

actually knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to Plaintiff.

## IV.    NEGLIGENCE OF DEFENDANT WAL-MART STORES TEXAS, LLC and WAL-MART STORES, INC.

This occurrence and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of WAL-MART STORES, LLC and WAL-MART STORES, INC.:

1.    Negligent hiring, supervision and retention of its employees;
2.    Failure to properly train and supervise its employees and agents;
3.    Failure to establish and enforce safety rules and regulations;
4.    Failure to maintain and exercise proper control and management of policies, procedures and protocols for the safety of customers;
5.    Failing to protect the safety of Plaintiff;
6.    Failing to inspect;
7.    Failure to warn Plaintiff of the dangers;
8.    Failure to maintain the area in a reasonably safe condition;
9.    Failure to provide warning;
10.   Failure to perform regular sweeps of the aisles; and
11.   Other negligence.

Each act and omission is other than what a reasonable person would have done under the same or similar circumstances. As such, each negligent act and omission, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages described below.

## V.   NEGLIGENCE BY DEFENDANTS RICK DODSON

Plaintiff alleges that the occurrence and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Defendant RICK DODSON in the course of his employment with Defendants WAL-MART STORES, TEXAS, and WAL-MART, LLC.:

1.    Failure to keep a proper lookout and keeping floors throughout the store clean.
2.    Failure to assist with the sweeping of the store.
3.    Failure to warn Plaintiff of dangers;

4.      Failure to use due care under the circumstances;
5.      Failure to pay attention;
6.      Failure to inspect the premises for dangerous conditions;
7.      Failure to correct dangerous conditions which Defendant knew of, or in the use of ordinary care, should have known otherwise;
8.      Failure to warn invitees and licensees, including Plaintiff of dangerous conditions that defendants knew, or in exercise of ordinary care, should have known existed;
9.      Failure to establish and enforce safety rules and regulations;
11.     Failure to adequately train, educate, or provide instructions and orders to employees.
12.     Negligent supervision;
13.     Failure to keep the premises free from objects on the floor;
14.     Failure to schedule sweepings and inspections throughout the produce area and store;
14.     Other acts of negligence.

Each act and omission is other than what a reasonable person would have done under the same or similar circumstances. As such, each negligent act and omission, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages described below.

## VI.    DAMAGES

As a direct result and proximate cause of the negligence of Defendants, Plaintiff suffered bodily injuries. As a further result of the negligence of the Defendants and the injuries described herein, Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a result of the negligence of Defendants, Plaintiff was prevented from performing her household duties and will continue to be unable to perform her household duties in the future. Plaintiff has suffered a loss of earning capacity in the past and will suffer a loss of wage earning capacity in the future. Plaintiff has suffered pain and suffering in the past and Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental anguish in the past and will

continue to suffer mental anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body. Plaintiff has suffered disfigurement. Plaintiff has suffered damages within the jurisdictional limits of this Court.

Pursuant to T.R.C.P. 47, Plaintiff is required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet began and the extent of Plaintiff's future damages are still being determined. At this early stage of the proceedings, Plaintiffs request the jury be fair and reasonable in its determination of actual damages in an amount of $100,000.00 but no more than $200,000.00.

## VII.   TRIAL EVIDENCE

Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendants' discovery answers and responses, including any evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## VIII.   JURY REQUEST

Plaintiff respectfully requests trial by jury of the issues in this case.

## IX.   REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, Defendants are requested to disclose within the time period set forth in Tex. R. Civ. P. 194.3 the information or material described in Rule 194.2(a) - 194.2(l).

## X.   RELIEF REQUESTED

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer, and on that on final trial, Plaintiff have judgment rendered against Defendants,

for costs, pre-judgement and post judgement interest and for such other relief, general and special,

at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsimile)
TJoudi@ScherrLegate.com

**TIFFANY Y. JOUDI**
State Bar No. 24065447

El Paso County - 327th District Court

Filed 1/16/2018 12:00 AM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV0155

IN THE _____ JUDICIAL DISTRICT COURT
EL PASO COUNTY COURT AT LAW NUMBER _____,
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MARIA DOLORES MINJAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2017-DCV_____ |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| WAL-MART STORES, INC., and | § | |
| RICK DODSON. | § | |
| | § | |
| Defendants. | § | |

## JURY REQUEST

On this the 5th day of January _____, 2018, the Plaintiff having demanded a jury,

it is hereby ordered that the above styled and numbered cause be place upon the jury docket on

payment of the jury herein.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsimile)
TJoudi@ScherrLegate.com

**TIFFANY N. JOUDI**
State Bar No. 24096547

El Paso County - 327th District Court

Filed 1/16/2018 12:00 AM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV0155

IN THE _____ JUDICIAL DISTRICT COURT
EL PASO COUNTY COURT AT LAW NUMBER _____,
EL PASO COUNTY, TEXAS

MARIA DOLORES MINJAREZ,     §
    §
    Plaintiff,     §
    §
    §
vs.     §     Cause No. 2018-DCV_____
    §
WAL-MART STORES TEXAS, LLC,     §
WAL-MART STORES, INC., and     §
RICK DODSON,     §
    §
    Defendants.     §

## FIRST REQUEST FOR PRODUCTION OF
## DOCUMENTS AND THINGS TO DEFENDANT AND PRIVILEGE LOG

TO:    DEFENDANT RICK DODSON.

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action. Furthermore pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and/or control by **10:00 a.m. FIFTY-ONE (51) DAYS AFTER SERVICE AT:**

    **SCHERR & LEGATE, PLLC.**
    109 N. Oregon, 12ᵗʰ Floor
    El Paso, Texas 79901
    (915) 544-0100

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted.

Further, all documents and tangible things must be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request," as provided in Texas Rule of Civil Procedure 196.3(c).

Further you are hereby required to respond and supplement this Request as mandated by Rule 193. If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiff will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request. except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

## ITEMS TO BE PRODUCED

1. Your personnel file. A personnel file includes all matters about the employee. For example, application, disciplinary actions, termination dates or letters, complaints, etc.

2. Any reports you were involved in creating, compiling, authorizing, certifying, or reviewing regarding the incident.

4. All statements made by Plaintiff to you regarding the incident, either oral or recorded.

5. All investigation reports, incident reports, statements by witnesses (oral or recorded) concerning the incident made the subject of this suit which were made prior to anticipation of litigation.

6. Copies of the front and back of any current driver's license, identification cards and/or any other licenses issued by any state or governmental entity.

7. Any union contracts or other contracts concerning you, and/or WAL-MART STORES, INC., and WAL-MART STORES TEXAS, LLC.

8. Any indictments, convictions, charges and findings on any criminal charge made against you with in the last 10 years.

9. Any and all documents reflecting any disciplinary action taken against you, or other employees of WAL-MART as a result of this incident.

10. Any documents or other tangible items showing the acts or omissions of any party responsible in any way for the injuries to Plaintiff.

11. Any and all posts on social media (Facebook, Twitter, Instagram, LinkedIn, Snapchat, etc.) made on the date of the incident, and/or regarding this incident. Social media refers to social interaction using technology (internet, cellular phones) with any combination of words, pictures, video, or audio.

12. Any documents showing the names, addresses, qualifications and telephone numbers of all expert witnesses who you will call to testify or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert. Produce any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind from any expert witness who will testify in this case or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert. If the discoverable factual observations, test, supporting data, calculations, photographs or opinion of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

13.     Any manual, procedure or brochure concerning training, supervision, and instruction on the sweeping of the store.

14.     Any rule, regulation, policy or manual concerning the sweeping of the store.

15.     Your work schedule, daily tasks, and other documents regarding the work you were preforming on the date of the incident.

16.     Any photographs and videotapes of any surveillance of Plaintiff.

17.     Pursuant to Texas Rules of Evidence 609, please provide any documents or other information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

**PURSUANT TO TEXAS RULES OF EVIDENCE 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

18.     Any and all "complete" surveillance video of the Plaintiff.

19.     Any photos/videos Defendant has regarding this incident.

El Paso County - 327th District Court

Filed 1/16/2018 12:00 AM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV0155

IN THE _____ JUDICIAL DISTRICT COURT
EL PASO COUNTY COURT AT LAW NUMBER _____,
EL PASO COUNTY, TEXAS

MARIA DOLORES MINJAREZ,               §
                                      §
        Plaintiff,                    §
                                      §
vs.                                   §     Cause No. 2018-DCV_____
                                      §
WAL-MART STORES TEXAS, LLC,           §
WAL-MART STORES, INC., and            §
RICK DODSON,                          §
                                      §
        Defendants.                   §

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT AND PRIVILEGE LOG

TO:    DEFENDANT RICK DODSON.

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure

197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory

to which the answer pertains. The answers are to be signed and verified under oath by the persons

making them as true and correct. You are to respond to these interrogatories **FIFTY ONE (51)**

**DAYS** after service. If you object or assert a privilege in answering these Interrogatories, or any

part thereof, you shall serve your objection upon Plaintiff in writing within **FIFTY ONE (51)**

**DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated

as a failure to answer. You are expected to supplement your answers in accordance with the Texas

Rules of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in

accordance with the Texas Rules of Civil Procedure, then Plaintiffs will move that sanctions be

imposed against you pursuant to the Texas Rules of Civil Procedure. Pursuant to Tex. R. Civ. P.

196.4 you are requested to produce and reduce to printed form any information that exists in

electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

**PRIVILEGE LOG:**  Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done **FIFTY-ONE (51) DAYS** after date hereof.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsimile)
TJoudi@ScherrLegate.com

**TIFFANY N. JOUDI**
State Bar No. 24065447

# INTERROGATORIES

1.  Please describe how each of Plaintiff's occurrences happened, giving all events in detail in the order in which they occurred, and the acts of omissions of each person, firm or entity you claim is negligent herein.

2.  Please state what precautions, if any, were taken by you, on the date of, prior to, and after the date of Plaintiff's occurrences, to prevent injuries when she slipped and fell.

3.  Please state whether and what assistance was rendered to Plaintiff immediately after Plaintiff's occurrences, particularly with regard to the physical condition of Plaintiff (any obvious signs of bleeding, bruises, cuts or other physical injury), the emotional and mental condition of Plaintiff (crying, talking, complaining of pain or otherwise mentally disturbed), and the appearance of Plaintiff's clothing (disarranged, torn, dirty or otherwise).

4.  Prior to the occurrences, state whether you or any agent or employee of yours had any knowledge of the existence of any condition in or on the equipment or premises where Plaintiff's occurrences happened, including how you or any agent or employee of yours acquired such knowledge and how long the condition or defect had been present prior to the occurrences.

5.  Please state in detail each act or omission by each person which you contend contributed to cause the occurrences.

6.  Please give the substance of any and all conversations, communications or statement made by you relative to the occurrences.

7.  Please give the name and address of anyone (except an expert who will not testify at trial) who took or prepared the following photographs or videotapes that you possess or control, your attorney possesses or controls, or any agent of you or your attorney possesses or controls:

    a.  Photographs or video recordings showing any injury to have been caused by the incident mentioned in the complaint; and
        Photographs or video recordings showing Plaintiff;
    b.  State the number of photographs taken.
    c.  State the date when each photograph was taken.
    d.  State the name, address and phone number of person conducting any type of surveillance of Plaintiff.

8.  Please described what you were doing when the incident with Plaintiff occurred.

9.  Please described your job duties during the time of incident.

10. Please described what you did when Plaintiff got injured.

11. Please identify who was assigned to the produce department at the time of the incident.

Filed 1/16/2018 12:00 AM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV0155

IN THE ____ JUDICIAL DISTRICT COURT
EL PASO COUNTY COURT AT LAW NUMBER _____,
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MARIA DOLORES MINJAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2018-DCV_____ |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| WAL-MART STORES, INC., and | § | |
| RICK DODSON. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S REQUEST FOR ADMISSIONS

TO:   DEFENDANT RICK DODSON.

Pursuant to the Texas Rules of Civil Procedure, you are hereby requested to:

(1) Admit or deny each of the attached requests for admissions.

(2) In connection with the requests, make a written response, sign the same and deliver it to the attorney of record for the Plaintiff herein within 30 days after the date of service.

You are also instructed as follows:

(1) If you do not admit the truth of the facts stated in a request for admission, you must specifically deny the same describing in detail the facts upon which YOU rely to deny same, or state that you cannot either admit or deny same, setting forth in detail the reasons why you cannot truthfully either admit or deny such statements of fact.

(2) Each matter for which an admission is requested shall be deemed admitted unless your response is served on the undersigned attorney during the period of time set forth above. If you deny request for admission and the Plaintiff thereafter prove the truth of such matter, you may be ordered to pay the cost of proof, including Plaintiff's attorneys.

## REQUEST FOR ADMISSIONS

1. Admit or deny Defendants did have actual or constructive knowledge that there was an object or substance, hazardous condition, or grape where Plaintiff was injured.

2. Admit or deny the object, substance, or hazardous condition did pose an unreasonable risk of harm to the Plaintiff.

3. Admit or deny you did not exercise reasonable care in reducing or eliminating any risk of harm to the Plaintiff.

4. Admit or deny your acts and/or omissions were a proximate cause of the Plaintiff's injuries.

5. Admit or deny your acts and/or omissions were the sole proximate cause of the Plaintiff's occurrence and/or injuries.

6. Admit or deny you failed to keep a proper lookout for Plaintiff's safety.

7. Admit or deny Defendants' failure to keep a proper lookout was a proximate cause of any injuries sustained by Plaintiff.

8. Admit or deny Plaintiff's conduct was not a proximate cause of Plaintiff's injuries.

9. Admit or deny you know of witnesses to this occurrence.

10. Admit or deny Plaintiff suffered physical pain and suffering as a result of the occurrence.

11. Admit or deny Plaintiff suffered medical expenses in the past as a result of the occurrence.

12. Admit or deny Plaintiff will suffer medical expenses in the future as a result of the occurrence.

13. Admit or deny Plaintiff suffered from physical impairment in the past as a result of the occurrence.

14. Admit or deny Plaintiff will suffer from physical impairment in the future as a result of the occurrence.

15. Admit or deny Plaintiff suffered from mental anguish in the past as a result of the occurrence.

16. Admit or deny Plaintiff will suffer from mental anguish in the future as a result of the occurrence.

17. The grape, substance, and/or object Plaintiff slipped on had been on the floor for more than a minute.

18. The grape, substance, and/or object Plaintiff slipped on had been on the floor for more than two minutes.

19. The grape, substance, and/or object Plaintiff slipped on had been on the floor for more than three minutes.

20. The grape, substance, and/or object Plaintiff slipped on had been on the floor for more than four minutes.

21. The grape, substance, and/or object Plaintiff slipped on had been on the floor for more than five minutes.

22. Admit or deny you saw the incident of Plaintiff happen.

23. Admit or deny you were working that day and you were supervising the produce department the day of the incident.

24. Admit or deny you did not assist with keeping the floor clean and free of the grapes, any other substance, and/or objects.

25. Admit or deny that Defendant had cameras recording the store at the time of the incident.

26. Admit or deny this is not the first time someone has fallen at the premises of Defendants Wal-Mart due to objects/substances on the floor.

27. Admit or deny you were the shift supervisor and/or store manager at the time of the incident.

28. Admit or deny you knew the grape was on the floor where Plaintiff fell.

29. Admit or deny you did not instruct any one to sweep or keep up with the sweeping of the premises in order to prevent anyone from falling.

Filed 3/23/2018 8:26 AM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV0155

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
327th JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| MARIA DOLORES MINJAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2018DCV0155 |
| | ) | |
| WAL-MART STORES TEXAS, LLC d/b/a | ) | |
| WAL-MART STORES, INC., and | ) | |
| RICK DODSON. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants WALMART STORES TEXAS, LLC d/b/a WAL-MART STORES, INC. (proper entity being Wal-Mart Stores Texas, LLC) and RICK DODSON and file their Original Answer to Plaintiff's Petition and in support thereof would respectfully show the Court as follows:

### I.

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants deny all material allegations contained in Plaintiff's Original Petition and demands strict proof thereof as required by law.

### II.

### DEFENSES

A.      The acts and omissions of certain non-parties to this lawsuit were the sole proximate cause of the occurrence and any alleged injuries or damages claimed by Plaintiff.

B.      To the extent Plaintiff suffered any injuries or damages as described in Plaintiff's Original Petition, which Defendants deny, those injuries and damages were proximately caused

by the acts or omissions of persons and/or entities over whom Defendants have no control and for whom Defendants have no liability.

C.     Plaintiff's injuries and damages, if any, may have resulted from pre-existing and/or unrelated condition(s), and thus were not proximately caused by the occurrence made the basis of this lawsuit.

D.     Plaintiff's injuries and damages, if any, may have resulted from subsequent events or conditions that constitute new and intervening causes, which were not proximately caused by Defendants.

E.     Plaintiff's injuries and damages, if any, may have been the result of an unavoidable accident as that term is defined and recognized by law.

F.     The injuries and damages sustained by Plaintiff, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contributions of such causes to the harm sustained.

G.     Defendants plead Texas Civil Practice and Remedies Code Section 41.0105, which limits Plaintiff's recovery of medical expenses.

H.     Defendants plead the provisions of the Texas Finance Code, Section 304.1045, which prohibits the recovery of prejudgment interest on any award of future damages.

## III.

## AFFIRMATIVE DEFENSES

In the alternative, and without waiving the foregoing, Defendants assert the following affirmative defenses:

A.     Plaintiff's injuries and damages, if any, may have been proximately caused by Plaintiff's own negligence, which bars her recovery or, in the alternative, reduces it proportionately.

14475-407 / 1354199

B.     To the extent Plaintiff failed to act reasonably to mitigate alleged damages, if any, Defendants are not responsible for any damages that could have been avoided.

## IV.

## JURY DEMAND

Defendants request trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray to the Court that they be allowed to go hence without day and with their costs.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas 79999-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By:  _/s/ Laura Enriquez_____
      Laura Enriquez
      Bar No. 00795790

Attorney for Defendant

14475-407 / 1354199

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 23rd day of March 2018, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Tiffany N. Joudi
Scherr & Legate, PLLC
109 N. Oregon, 12th Fl.
El Paso, Texas 79901
Fax: (915) 532-1759
Email: TJoudi@ScherrLegate.com


_/s/ Laura Enriquez_
Laura Enriquez

14475-407 / 1354199

El Paso County - 327th District Court

Filed 3/23/2018 8:26 AM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV0155

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
327th JUDICIAL DISTRICT COURT

MARIA DOLORES MINJAREZ,          )
                                 )
          Plaintiff,             )
                                 )
v.                               )          Cause No. 2018DCV0155
                                 )
WAL-MART STORES TEXAS, LLC d/b/a )
WAL-MART STORES, INC., and       )
RICK DODSON.                     )
                                 )
          Defendant.             )

## DEFENDANTS' JURY DEMAND AND SUBMISSION OF FEE

COMES NOW Defendants WALMART STORES TEXAS, LLC d/b/a WAL-MART STORES, INC. (proper entity being Wal-Mart Stores Texas, LLC) and RICK DODSON having filed with the clerk of the court a written request for jury trial in compliance with Texas Rule of Civil Procedure 216(a), herewith deposits with the clerk the jury fee of FORTY DOLLARS ($40.00). The clerk, pursuant to Texas Rule of Civil Procedure 216(b), is requested to promptly enter a notation of payment of such fee upon the court's docket sheet.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By:     _/s/ Laura Enriquez_____
      Laura Enriquez
      Bar No. 00795790

Attorney for Defendant

14475-407 / 1354210

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 23rd day of March 2018, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Tiffany N. Joudi
Scherr & Legate, PLLC
109 N. Oregon, 12th Fl.
El Paso, Texas 79901
Fax: (915) 532-1759
Email: TJoudi@ScherrLegate.com

*/s/ Laura Enriquez*
Laura Enriquez

# REGISTER OF ACTIONS

## CASE NO. 2018DCV0155

| | |
|---|---|
| MARIA DOLORES MINJAREZ VS. WAL-MART STORES TEXAS, LLC, WALMART STORES, INC, AND RICK DODSON | § § § § § § |

Case Type: **Other Injury or Damage**
Date Filed: **01/12/2018**
Location: **327th District Court**

---

### PARTY INFORMATION

| | | |
|---|---|---|
| Defendant | Dodson, Rick | **Lead Attorneys**<br>**LAURA M ENRIQUEZ**<br>*Retained*<br>915-532-2000(W) |
| Defendant | Wal-Mart Stores Texas, Inc. | |
| Defendant | Wal-Mart Stores Texas, LLC | **LAURA M ENRIQUEZ**<br>*Retained*<br>915-532-2000(W) |
| Plaintiff | Minjares, Maria Dolores | **Tiffany Nicole Joudi**<br>*Retained*<br>915-544-0100(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 01/12/2018 | **Original Petition (OCA)      Doc ID# 1** | |
| 01/12/2018 | **Case Information Sheet      Doc ID# 2** | |
| 01/12/2018 | **E-File Event Original Filing** | |
| 01/16/2018 | **Jury Demand      Doc ID# 3** | |
| 01/16/2018 | **Request for Admissions      Doc ID# 4** | |
| 01/16/2018 | **Request for Admissions      Doc ID# 5** | |
| 01/16/2018 | **Interrogatories      Doc ID# 6** | |
| 01/16/2018 | **Interrogatories      Doc ID# 7** | |
| 01/16/2018 | **Request for Production      Doc ID# 8** | |
| 01/16/2018 | **Request for Production      Doc ID# 9** | |
| 02/08/2018 | **Citation** | |
| | Wal-Mart Stores Texas, LLC | Unserved   Response Received  03/23/2018 |
| | Wal-Mart Stores Texas, Inc. | Unserved |
| | Dodson, Rick | Served              02/28/2018 |
| | | Response Received   03/23/2018 |
| | | Returned            03/06/2018 |
| 03/23/2018 | **Jury Demand      Doc ID# 11** | |
| 03/23/2018 | **Answer      Doc ID# 12** | |
| 03/23/2018 | **Answer      Doc ID# 13** | |

EXHIBIT
"B"

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARIA DOLORES MINJAREZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| WAL-MART STORES, INC., and | § | |
| RICK DODSON, | § | |
|     Defendants. | § | |

## AFFIDAVIT OF RICK DODSON

BEFORE ME, the undersigned authority, on this day personally appeared Rick Dodson, who being by me duly sworn, deposed as follows:

1.     My name is Rick Dodson.  I am over twenty-one years of age, of sound mind, and capable of making this affidavit. I have never been convicted of any felony or a misdemeanor involving moral turpitude. The facts stated herein are within my personal knowledge and are true and correct.

2.     I am an employee of Wal-Mart. I work at the Wal-Mart store located at 5631 Dyer Street, El Paso, Texas 79904. My job title is Department Manager. I am familiar with the facts stated herein based on my employment with Wal-Mart.

3.     I have reviewed Plaintiff's pleading. She claims that on or about June 21, 2017, she slipped and fell on grapes that were loose on the floor at Wal-Mart located at 7101 Gateway Blvd. W., El Paso, Texas 79925.

4.      I did not in any way cause Plaintiff to fall. I was not aware that any grapes were loose on the floor and did not cause any grapes to be loose on the floor. I do not and never have owned or leased the premises in question.

RICK DODSON

SWORN TO AND SUBSCRIBED before me, the undersigned notary public, by Rick Dodson on this the _____day of _____, 2018, to certify which witness my hand and official seal of office.

NOTARY PUBLIC, STATE OF TEXAS

My commission expires: 





JASON A BERLIN
NOTARY PUBLIC
NOTARY ID# 12662220-0
In and for the State of Texas
My commission expires
AUGUST 11, 2020