UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MARIA DOLORES MINJAREZ;** | § § § | |
| Plaintiff, | § § | |
| v. | § § | EP-18-CV-00106-FM |
| **WAL-MART STORES, TEXAS, LLC,** **WAL-MART STORES, INC.; and** **RICK DODSON,** | § § § § § | |
| Defendants. | § § | |

## ORDER GRANTING IN PART AND DENYING IN PART WAL-MART'S MOTION FOR SUMMARY JUDGMENT

Before the court are "Wal-Mart's Motion for Summary Judgment" ("Motion") [ECF No. 32], filed November 13, 2018; "Plaintiff's Response to Wal-Mart's Motion for Summary Judgment" ("Response") [ECF No. 40], filed December 1, 2018; "Wal-Mart's Reply to Plaintiff's Response to Motion for Summary Judgment" ("Reply") [ECF No. 43], filed December 10, 2018; and "Plaintiff's Sur-Reply to Wal-Mart's Reply in Support of its Motion for Summary Judgment" ("Surreply") [ECF No. 47], filed January 3, 2019.

This case arises out of a slip and fall on a loose grape at Wal-Mart's store located at 7101 Gateway Blvd W in El Paso, Texas on June 21, 2017.[1] Maria Dolores Minjarez ("Plaintiff") filed suit against Wal-Mart Stores, Texas, LLC and Wal-Mart Stores, Inc. (collectively,

---

[1] "Wal-Mart's Notice of Removal" ("Not. Rem."), ECF No. 1, filed Jan. 12, 2018, "Plaintiff's Original petition and Request for Disclosure" ("Pet.") 2, Ex. A.

1

"Wal-Mart"), asserting claims for premises liability and negligence.[2] Wal-Mart now moves for summary judgment.[3] After due consideration of the Motion, Response, Reply, Surreply, and applicable law, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

*A. Factual Background*

On June 21, 2017, Plaintiff visited the Wal-Mart store located at 7101 Gateway Boulevard West in El Paso, Texas at approximately 8:25 a.m.[4] At the time of the incident, Plaintiff was walking through the produce area between a self-service grape display and another produce display.[5] She slipped on a loose, dark grape immediately in front of the grape display at 9:19 a.m.[6] Plaintiff fell backwards, hitting her head.[7] An ambulance transported her to Del Sol Medical Center.[8] Plaintiff received treatment for injuries to her head, neck, back, and hip.[9]

*B. Parties' Arguments*

1. Motion

Wal-Mart moves for summary judgment, arguing there is insufficient evidence of the requisite elements of Plaintiff's claims.[10] First, it asserts Plaintiff's claim of premises liability

---

[2] *Id.* at 2–3.

[3] *See generally* "Wal-Mart's Motion for Summary Judgment" ("Mot."), ECF No. 32, filed Nov. 13, 2018.

[4] "Plaintiff's Response to Wal-Mart's Motion for Summary Judgment," ("Resp."), ECF No. 40, filed Dec. 1, 2018, "Oral Deposition of Maria Dolores Minjarez" ("Minjarez Depo.") 22: 6–13.

[5] Resp., Video of Incident ("Video") at 1:00:03, Ex. A.

[6] *Id.* at 1:00:07; Minjarez Depo. 28: 14–19–29: 16.

[7] Minjarez Depo. 24: 23–24; 25: 1–3.

[8] *See* Ex. I.

[9] *See id.*

[10] Mot. 9 ¶ 26.

must fail, as Plaintiff cannot establish actual or constructive knowledge of the unsafe condition.[11] With regard to actual knowledge, Wal-Mart explains no evidence shows it knew of a grape on the floor.[12] Wal-Mart asserts that Plaintiff also failed to show constructive knowledge, as she did not provide evidence for how long the grape remained on the floor.[13]

According to Wal-Mart, Plaintiff did not proffer sufficient evidence to support a finding of proximate cause.[14] Wal-Mart contends the evidence is insufficient to establish proximate cause between the slip and fall and her injuries, rather than prior medical conditions.[15] Wal-Mart also claims that Plaintiff failed to meet her burden to show lost earnings or earning capacity.[16] Finally, Wal-Mart insists that Plaintiff's claim for ordinary negligence cannot survive summary judgment, citing a lack of "affirmative, contemporaneous conduct by the owner that caused the injury."[17]

2. Response

Plaintiff asserts genuine issues of material facts preclude summary judgment.[18] She argues Wal-Mart had actual knowledge of the grape and failed to respond with reasonable care.[19] Plaintiff also rejects Wal-Mart's contention it lacked constructive notice, reasoning the defect

---

[11] *Id.* at 9 ¶ 28.

[12] *Id.* at 9 ¶ 29.

[13] *Id.* at 10 ¶ 29.

[14] *Id.* at 10 ¶ 30.

[15] *Id.*

[16] Mot. 11–12 ¶ 33.

[17] *Id.* at 12 ¶ 34.

[18] Resp. 1.

[19] *Id.* at 11.

3

lasted "long enough that a reasonable inspection by Defendant's employees would have uncovered it."[20] Lastly, Plaintiff contends she has satisfied her burden to show proximate cause between the fall and her injuries.[21]

### 3. Reply

Wal-Mart reiterates that Plaintiff has not shown actual or constructive knowledge of the disputed defect: the loose grape on the floor.[22] According to Wal-Mart, the record is devoid of any evidence showing proximate cause between the fall and Plaintiff's injuries.[23] It also points out that Plaintiff failed to address its argument concerning lost earnings or earning capacity.[24] Finally, Wal-Mart explains Plaintiff may not bring a separate negligence claim, as she has not alleged any "affirmative, contemporaneous conduct . . . that caused the injury."[25]

### 4. Surreply

Plaintiff filed a surreply, contending Wal-Mart improperly applied the law governing actual and constructive knowledge.[26] She also opposes the assertion that she may not seek a claim for negligence.[27] According to Plaintiff, the store's manager, assistant manager, and associates acted negligently, as they were unaware of the grape on the floor and failed to

---

[20] *Id.* at 16.

[21] *Id.* at 18–19.

[22] Reply 5–6 ¶ 12.

[23] *Id.* at 6 ¶ 14.

[24] *Id.* at 7 ¶ 16.

[25] *Id.* at 7 ¶ 17.

[26] *See* Surreply 1–4.

[27] *Id.* at 4.

4

following store safety policies.[28] Finally, Plaintiff asserts medical documentation supports a finding of proximate cause regarding the connection of her injuries to the fall.[29]

## II. LEGAL STANDARD

### A. *Summary Judgment*

Summary judgment is proper where the pleadings, discovery, and affidavits demonstrate there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[30] A dispute over a material fact is genuine "when there is evidence sufficient for a rational trier of fact to find for the non-moving party."[31] Substantive law defines which facts are material.[32]

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits demonstrating the absence of a genuine issue of material fact.[33] When considering only admissible evidence in the pretrial record,[34] the court will "view all facts in the light most favorable to the non-moving party" and draw all factual inferences in the nonmovant's favor.[35] If the moving party cannot demonstrate the absence of a genuine issue of material fact, summary judgment is inappropriate.[36]

---

[28] *Id.* at 4–5.

[29] *Id.* at 5.

[30] FED. R. CIV. P. 56(a).

[31] *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 323 (5th Cir. 2002) (citation omitted).

[32] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[33] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[34] *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995).

[35] *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 582 (5th Cir. 2006) (per curiam) (citation omitted).

[36] *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

Once the moving party has met its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing there is a genuine issue for trial.[37] The nonmoving party's burden is not satisfied by the raising of "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[38] The court does not "in the absence of any proof assume that the nonmoving party could or would prove the necessary facts."[39] When reviewing the parties' submissions, the court does not weigh the evidence or determine the credibility of the witnesses."[40] Once the nonmovant has had the opportunity to make this showing, summary judgment will be granted "if no reasonable juror could find for the nonmovant."[41]

## III. DISCUSSION

### A. Premises Liability

Plaintiff seeks relief on a theory of premises liability, alleging her slip and fall resulted from Wal-Mart's failure to exercise reasonable care on its premises.[42] Under Texas law, premises owners "have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable

---

[37] *Celotex*, 477 U.S. at 324 (internal quotation marks and citation omitted).

[38] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (internal quotation marks and citations omitted).

[39] *Id.* at 1075 (emphasis removed).

[40] *Caboni*, 278 F.3d 448, 451 (5th Cir. 2002) (citation omitted).

[41] *Id.*

[42] Pet. 2–3.

care, should have known of them."[43] In order to prevail on a premises liability claim, a plaintiff must show:

> (1) Actual or constructive knowledge of the condition on the premises by the owner/operator;
> (2) That the condition posed an unreasonable risk of harm;
> (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
> (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.[44]

This duty is not absolute. The proprietor is not a guarantor of the invitee's safety on the premises.[45] Rather, the proprietor's duty is to "use reasonable care to make the premises safe for the use of business invitees."[46] Where the proprietor fails to make the premises safe, a plaintiff may only prevail on a premises defect claim where the proprietor had "actual or constructive knowledge of the condition" that caused the injury.[47] The court first turns to whether Wal-Mart had actual or constructive knowledge of the defect on the premises.

### 1. Knowledge of an Unreasonably Dangerous Condition

Wal-Mart argues Plaintiff failed to proffer evidence that it actually knew of any grape on the floor or created the allegedly dangerous condition.[48] Plaintiff counters that this case "turns on the fact that its employees knew (and were in fact instructed) to place mats in front of areas

---

[43] *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (citing *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014)) (internal quotation marks omitted).

[44] *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983) and *Hernandez v. Kroger*, 711 S.W.2d 3, 5 (Tex. 1985)).

[45] *Wright v. Wal-Mart Stores, Inc.*, 73 S.W.3d 552, 554 (Tex App.—Houston [1st Dist.] 2002).

[46] *See id.*

[47] *Oncor Elec. Delivery Co. LLC v. Murillo*, 449 S.W.3d 583, 592 (Tex. App.—Houston [1st Dist.] 2014).

[48] Mot. 9–10 ¶ 28.

where there were open 'loose fruit' displays because the Defendant knew and acknowledged that these areas posed a greater danger to customers."[49]

Actual knowledge can be established by circumstantial evidence.[50] "Proof that the premises owner . . . created a condition which poses an unreasonable risk of harm may constitute circumstantial evidence that the owner or occupier knew of the condition."[51] Where the "circumstantial evidence is so slight that the choice between opposing plausible inferences amounts to nothing more than speculation, it is legally no evidence at all."[52]

      *a.*      *Corbin v. Safeway Stores, Inc.*

Plaintiff claims the Texas Supreme Court's decision, *Corbin v. Safeway Stores, Inc.*,[53] is controlling precedent.[54] *Corbin* involved a slip and fall on grapes in front of a self-service grape display.[55] It was an "open, slanted bin above a bare, green linoleum floor."[56] The plaintiff asserted Safeway acted negligently on a theory of premises liability, arguing: (1) the presence of the specific grape "posed an unreasonable risk of harm" and Safeway had constructive knowledge of the risk;[57] (2) the floor was dangerous because it was dirty;[58] and (3) the self-

---

[49] Resp. 12.

[50] *Keetch v. Kroger Co.*, 845 S.W.2d 262, 266 (Tex. 1992).

[51] *Id.*

[52] *Univ. of Tex. at El Paso v. Muro*, 341 S.W.3d 1, 5 (Tex. App.—El Paso 2009) (citing *Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex. 2001)).

[53] 648 S.W.2d 292 (Tex. 1983).

[54] Resp. 11.

[55] *Corbin*, 648 S.W.2d at 294.

[56] *Id.* at 296.

[57] *Id.*

[58] *Id.*

8

service grape display was unreasonably dangerous because it was an "open, slanted bin above a green linoleum tile floor."[59]

The court rejected Corbin's first argument, noting, although Safeway did not deny the elevated risk, Corbin failed to provide proof of constructive knowledge.[60] The court found plaintiff's second argument without merit, reasoning he slipped on a grape, not a dirty floor, and thus the state of the floor was not applicable.[61] Lastly, the court held that a jury could find the method of displaying grapes posed an unreasonable risk of customers falling on grapes.[62] The *Corbin* court emphasized that Safeway admitted "it knew of this unusually high risk associated with its grape display."[63] It also pointed to evidence that mats, which the store regularly used, were missing.[64] The court explained, "Because the placing of such a mat in front of the grape display was a function of general store maintenance, the jury reasonably could have inferred that Safeway, through its employees, had failed to put the mat in place," thereby satisfying the requirement of notice.[65]

b. *Brookshire Grocery Co. v. Taylor*

Wal-Mart contends *Corbin* is unpersuasive, citing to the Texas Supreme Court's later decision, *Brookshire Grocery Co. v. Taylor*.[66] In *Brookshire*, the plaintiff slipped and fell on a

---

[59] *Id.*

[60] *Id.*

[61] *Corbin*, 648 S.W.2d at 296.

[62] *Id.*

[63] *Id.* (emphasis added).

[64] *Id.*

[65] *Id.*

[66] Reply 2 ¶ 4 (citing 22 S.W.3d 406 (Tex. 2006)).

9

piece of melting ice on a tile floor near a soft drink dispenser in a grocery store.[67] Ice regularly fell from the dispenser onto the floor.[68] A central issue was whether the soft drink dispenser posed an unreasonable risk of harm.[69] The Texas Supreme Court noted the plaintiff failed to show the dispenser "was set up in such a way that ice on the floor was a greater danger than one would ordinarily encounter with such dispensers, or that customers, through prone to spills, were any more prone around this dispenser."[70] Responding to the plaintiff's argument that the store should have used more mats and warning signs, the court explained that the use of mats and warning signs were applicable to whether the store exercised reasonable care, not whether the dispenser itself was an unreasonably dangerous condition.[71]

### c. Analysis

After careful review of Texas law, this court finds *Corbin* applicable to the slip and fall at hand. In a typical slip and fall case, "there is usually no basis for a claim that the storeowner maintained an unreasonably dangerous method of display that frequently *caused* such food items to become floor hazards."[72] Simply put, a store may not be held liable simply because a method of display commonly resulted in the falling of food. It was critical in *Corbin* that Safeway admitted: (1) it was aware of the hazards posed by the grape display; and (2) policy instructed

---

[67] *Brookshire*, 22 S.W.3d at 407.

[68] *Id.*

[69] *Id.* at 408.

[70] *Id.*

[71] *Id.*

[72] *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 297 (1983) (emphasis in original).

employees to place mats.[73] Employees had not placed the mats, and the court found this sufficient to "satisfy the requirement of notice" of the condition.[74]

Like *Corbin*, Wal-Mart acknowledged the elevated risk associated with grape displays as evidenced by its adoption of its store policy aimed at minimizing the risk of injuries caused by fallen fruit.[75] While this grape display did not pose the same structural hazards—the open, slanted nature of the bin—as in *Corbin*, self-service grape bins pose an elevated risk by the nature of the fruit themselves. Grapes may, for a variety of reasons, fall to the ground and cause customers to slip in the store due to their small, round size and slippery nature. Wal-Mart's store policy accounts for such danger by instructing employees to "[p]lace a mat in front of small loose fruits such as grapes and cherries."[76] It also directs employees to remove trash and debris as they work and to "complete safety sweeps on a regular basis" to ensure the sales floor remains free of slip and trip hazards.[77] Robert Adam Evans, the Store Manager, testified that "safety sweeps are done approximately every hour."[78] Managers visually verify the safety checks, as well as completing their own safety checks.[79]

Wal-Mart's store policy demonstrates Wal-Mart's knowledge of increased risk stemming from its grape displays. This policy clearly addresses the potential danger of small fruits falling from self-service gray displays. It specifically names grapes and cherries as examples of fruit

---

[73] *Id.* at 296.

[74] *Id.*

[75] Resp. 12 (citing Ex. G, Wal-Mart Safety Solution Guidelines 14.)

[76] "Department Safety Solutions" 14, Ex. G.

[77] *Id.* at 3.

[78] Resp., "Oral and Videotaped Deposition of Robert Adam Evans" ("Evans Depo.") 8: 12–13.

[79] *Id.* at 9: 5–9.

11

requiring mats.[80] This is analogous to *Corbin*, where Safeway employed a store policy of placing mats to prevent potential injury from its grape display.[81] Consequently, a jury could find Wal-Mart had knowledge of an unreasonably dangerous condition due to the nature of grapes and Wal-Mart's store policy.

Should the jury find that Wal-Mart had knowledge that the grape display posed an unreasonably dangerous condition, it is also the responsibility of the jury to determine whether Wal-Mart failed to exercise reasonable care. The court thus looks to whether Plaintiff has offered sufficient evidence to suggest proximate cause between the Wal-Mart incident and her injuries.

2. Proximate Cause

Proximate cause consists of two elements: (1) cause in fact and (2) foreseeability.[82] In order to establish cause in fact, Plaintiff must show "the act or omission was a substantial factor in causing the injury without which the harm would not have occurred."[83] Wal-Mart takes issue with the first prong, arguing the alleged injuries instead occurred as a result of an vehicular accident in 2016.[84] Plaintiff counters she has provided medical records of treatment she received following the slip and fall, which shows proximate cause.[85]

---

[80] Department Safety Solutions 14.

[81] *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (1983).

[82] *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005).

[83] *Id.* at 551.

[84] Mot. 10 ¶ 31.

[85] Resp. 18.

12

Plaintiff was in a vehicular accident in 2016 and suffered injuries to her back, neck, and right arm.[86] Plaintiff submitted the following medical documentation: an itemized statement documenting the ambulance ride; a discharge summary from Del Sol Medical Center, listing "head injury," "hip pain-contusion," and "neck & back pain"; a discharge summary from an orthopedic surgery; and chiropractic and rehabilitative records.[87] When viewing the evidence in the light most favorable to the plaintiff, a jury could determine that Wal-Mart's alleged failure to make the premises safe was a "substantial factor" in bringing about Plaintiff's injuries.[88] Hence, a question of fact remains.

In conclusion, sufficient evidence exists to defeat summary judgment on Plaintiff's premises liability claim.

### B. *Whether Plaintiff May Assert an Ordinary Negligence Claim*

Plaintiff also asserts a claim for negligence.[89] According to Wal-Mart, Plaintiff cannot pursue a separate negligence claim, reasoning there is "no 'affirmative, contemporaneous conduct…that caused the injury.'"[90] Plaintiff counters that Wal-Mart employees did not receive adequate training to recognize an elevated risk stemming from the grape display.[91] In support of her contention, she points out employees failed to place a mat or perform a safety sweep of the area.[92]

---

[86] Minjarez Depo. 5: 7–8; 6: 5–15.

[87] *See* Ex. 8.

[88] *Urena*, 162 S.W.3d at 551.

[89] Pet. 3.

[90] Reply 7–8 (quoting *Muniz v. Marriott*, 773 F. Supp. 2d 674, 683 – 84 (W.D. Tex. 2011)).

[91] Surreply 4–5.

[92] *Id.* at 5.

13

In Texas, a plaintiff may pursue a negligence claim under two theories: general negligence and premises liability.[93] While premises liability falls under the umbrella of general negligence claims, this subcategory contains "different elements that define a property owner or occupant's duty with respect to those who enter the property."[94]

Ordinary negligence principles apply where "the injury is the result of a contemporaneous, negligent activity on the property."[95] It thus involves a "malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury."[96] In contrast, the court applies the principles of premises liability if the injury stems from a condition on the premises rather than an act.[97] Premises liability is a "nonfeasance theory based on the owner's failure to take measures to make the property safe."[98] Accordingly, a plaintiff must proceed under a theory of premises liability where his or her claim concerns the condition of the premises rather than contemporaneous negligent acts.[99] A case arising under a theory of premises liability cannot support the plaintiff's recovery under a theory of general negligence.[100]

---

[93] *See Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) ("Depending on the circumstances, a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner.")).

[94] *Id.* (citing *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)).

[95] *Id.* (citing *Keetch*, 845 S.W.2d at 264).

[96] *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014), *certified question answered*, 465 S.W.3d 193 (Tex. 2015) (internal quotation marks and citation omitted).

[97] *Id.* (citing *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992)).

[98] *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014), *certified question answered*, 465 S.W.3d 193 (Tex. 2015) (internal quotation marks and citation omitted).

[99] *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010).

[100] *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017), *reh'g denied*; *see also H.E. Butt Grocery Co*, 845 S.W.2d 258, 259 (Tex. 1992).

In the present case, Plaintiff makes the following allegations to support a theory of ordinary negligence against Wal-Mart: negligent hiring, supervision, and retention of employees; failure to properly train and supervise employees to prevent slip and falls; failure to enforce store policy meant to protect against such injury; failure to inspect the sales floor, amongst other theories.[101] Plaintiff also asserts several allegations of negligence by the store manager: failure to keep a proper lookout, failure to warn Plaintiff of dangerous conditions, and failure to use due care.[102]

Plaintiff's suit rests solely on a condition of the premises: the grape display.[103] The failure to clean the floors or use preventative measures, like mats, is not analogous to "affirmative, contemporaneous conduct by the owner of the store."[104] Indeed, Plaintiff's suit relies on the maintenance of the premises to be free of fallen fruit. Her claim clearly seeks relief for an allegedly defective condition of the premises and thus "encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe."[105] Accordingly, Texas law precludes a concurrent claim of negligence. Summary judgment against the ordinary negligence claim is granted.

---

[101] *See* Pet. 3.

[102] *See id.* at 3–4.

[103] *See id.* at 2.

[104] *See United Scaffolding, Inc. v. Levine*, 537 S.W.3d at 471.

[105] *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014), *certified question answered*, 465 S.W.3d 193 (Tex. 2015) (internal quotation marks and citation omitted).

## C. Damages for Lost Earnings and Earning Capacity

Wal-Mart also moves for summary judgment on the issue of damages for lost earnings and loss of earning capacity.[106] However, it provides little support besides Plaintiff's testimony that her doctor did not tell her that she could not work.[107] Wal-Mart also states Plaintiff has failed to support her claim for lost wages with evidence.[108] These arguments are without merit.

Plaintiff testified she has not been able to work from the injuries she sustained in the slip and fall.[109] At the time of the Wal-Mart incident, she worked at Caprock Home Health Services, caring for senior citizens.[110] Plaintiff explained she left her job on April 24, 2018, as pain in her right elbow rendered her unable to perform her job duties.[111] Subsequently, she worked at a restaurant from May 2018 to July 2018,[112] operating the cash register, waiting on tables, and cooking.[113] Plaintiff left this job due to pain in her elbow and knee.[114]

The absence of a physician's directive not to work is not dispositive; there is sufficient evidence to raise a question of fact as to whether she is entitled to compensation for lost earnings or earning capacity. Therefore, a jury could determine the injuries sustained from the slip and fall

---

[106] *See* Mot. 14 ¶¶ 42, 43.

[107] *Id.* 12 ¶ 33 (citing Minjarez Depo. 16: 4–6).

[108] Reply 16.

[109] Minjarez Depo. 17: 14–19.

[110] *Id.* at 17: 7–10; 16: 11–17; 16: 18–22.

[111] *Id.* at 16:11–17, 16: 18–22.

[112] *Id.* at 14: 22 – 15: 4; 15: 11–13.

[113] *Id.* at 15: 5–10.

[114] *Id.* at 15: 14–22.

16

resulted in lost earnings and loss of earning capacity. Summary judgment is therefore not appropriate.

## IV. <u>CONCLUSION AND ORDERS</u>

After careful consideration of the submitted summary judgment evidence, the court denies summary judgment regarding Plaintiff's claim of premises liability and damages for loss of earning and loss of earning capacity. The court grants summary judgment with respect to Plaintiff's claim of ordinary negligence.

Accordingly, "Wal-Mart's Motion for Summary Judgment" [ECF No. 32] is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED.**

**SIGNED** this _28_ day of **January, 2019**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**