UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARIA DOLORES MINJAREZ, § § *Plaintiff*, § v. § § EP-18-CV-00106-DCG § WAL-MART STORES TEXAS, LLC and § WAL-MART STORES, INC., § § *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Maria Dolores Minjarez's "Rule 59 Motion to Alter or Amend the Judgment or Motion for New Trial" (ECF No. 101) ("Motion for New Trial"). For the reasons that follow, the Court DENIES her motion.

### I. BACKGROUND

This is a slip-and-fall case. On June 21, 2017, Minjarez visited the Wal-Mart store located at 7101 Gateway, Boulevard West in El Paso, Texas, and allegedly slipped and fell on loose grapes and sustained injuries "to her hip, head, neck, and other parts of her body."[1] On January 12, 2018, she brought this lawsuit against Defendants Wal-Mart Stores Texas, LLC and Wal-Mart Stores, Inc. (together, as "Wal-Mart") in the 327th Judicial District Court of El Paso County, Texas, asserting a claim of premises liability.[2] On March 29, 2018, Wal-Mart removed the case to federal court based on diversity jurisdiction, and the case was assigned to the Honorable United States District Judge Frank J. Montalvo.[3]

---

[1] Pl.'s Original Pet. (attached to Notice of Removal) at 2, ECF No. 1; *see also* Order Granting in Part & Denying in Part Wal-mart's Mot. for Summ. J., at 2, ECF No. 48.

[2] Minjarez asserted additional state law claims, but they were dismissed. *See* Order Granting in Part & Denying in Part Wal-mart's Mot. for Summ. J., at 17.

On February 11–13, 2019, the case was tried to a jury before Judge Montalvo. In her case-in-chief, Minjarez and several witnesses, including Dr. Andrew Palafox, her expert witness who specializes in orthopedic surgery and in trauma treatment of injuries, testified on her behalf.[4] Walmart did not present any witness and rested its case in defense.

In a unanimous verdict, the jury found that the negligence of both Wal-Mart and Minjarez proximately caused "the injury in question."[5] It attributed 50 percent of the injury-causing negligence to Wal-Mart and 50 percent to Minjarez.[6] When asked what sum of money would fairly and reasonably compensate Minjarez "for her injuries, if any, that resulted from the occurrence in question," the jury awarded $44,000 for past medical care expenses, but zero damages for past pain and mental anguish, future pain and mental anguish, past physical impairment, future physical impairment, future medical care expenses, past loss of earning capacity, future loss of earning capacity, and future disfigurement.[7] A final judgment was not entered.

On February 22, 2019, Minjarez filed the instant motion. Therein, she claims that because she presented "uncontroverted evidence of an objective injury" at trial, the jury's zero damages award for past pain is manifestly unjust and against the great weight of the evidence warranting a new trial.[8] After the case was reassigned to the docket of the undersigned judge on March 8, 2019, the Court ordered Minjarez to file a supplemental brief regarding her

---

[3] Notice of Removal, ECF No. 1.

[4] Pl. Tr. Witness List at 2; Feb. 13 Jury Tr. Excerpt at 4:20–21, ECF No. 4.

[5] Ct.'s Jury Instructions & Verdict at 8–9, ECF No. 94.

[6] *Id.* at 10.

[7] *Id.* at 16–18.

[8] Mot. for New Tr. at 2, 4–5.

argument that she presented uncontroverted evidence of an objective injury at trial.[9] Specifically, the Court instructed her to cite to the specific portions of the trial transcript that support her argument.[10] On April 15, 2019, Minjarez filed a "Supplemental Brief in Support of Plaintiff's Rule 59 Motion for New Trial" (ECF No. 111) (hereinafter, "Supplemental Brief"). Wal-Mart filed its "Response to Plaintiff's Supplemental Brief" (ECF No. 112) (hereinafter "Response") on April 22, and Minjarez followed by filing a "Supplemental Reply Brief in Support of Plaintiff's Rule 59 Motion for New Trial" (ECF No. 113) (hereinafter, "Reply") on April 26.

## II. STANDARD

Federal Rule of Civil Procedure 59 provides that after a jury trial, a trial court may grant a motion for new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a); *see also Laxton v. Gap Inc.*, 333 F.3d 572, 586 (5th Cir. 2003) ("A new trial is warranted if the evidence is against the great, and not merely the greater, weight of the evidence." (citing *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982)).

However, on "a motion for a new trial based on an inadequate or inconsistent jury award," *Wiltz v. Welch*, 651 Fed. Appx. 270, 272 (5th Cir. 2016), "[i]n a diversity case, federal courts must apply the new trial . . . standard of the forum in which it sits," *Alonso v. Westcoast Corp.*, 920 F.3d 878, 889 (5th Cir. 2019) (citing *Fair v. Allen*, 669 F.3d 601, 604 (5th Cir. 2012)). Texas procedural rules provide that "[n]ew trials may be granted when the damages are manifestly too small or too large." Tex. R. Civ. P. 320. The court may set aside a jury's damages award and grant a new trial—only if the award is so "against the great weight and

---

[9] Order Regarding Suppl. Br. & Resp., ECF 106.

[10] *Id.* at 2.

preponderance of the evidence" as to be manifestly unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986).

In determining whether the damages award is "against the great weight and preponderance" of the evidence, the court "must consider and weigh all of the evidence, keeping in mind that the jurors are the sole judges of the credibility of witnesses and the weight to be given their testimony, and may choose to believe one witness and disbelieve another." *Rumzek v. Lucchesi*, 543 S.W.3d 327, 332 (Tex. App.—El Paso 2017, pet. denied) (citing *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003); *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005)). "[N]o court is free to substitute its judgment for that of the jury," *Larson v. Cactus Util. Co.*, 730 S.W.2d 640, 641 (Tex. 1987), or to set aside a jury finding of damages "merely because the judges believe that they would have reached a different and more reasonable result had they been jurors," *Jaffe Aircraft Corp. v. Carr*, 867 S.W.2d 27, 28 (Tex. 1993).

### III. DISCUSSION

As noted, Minjarez argues that at trial, she presented "uncontroverted evidence of an objective injury." Mot. for New Tr. at 4. Despite finding that her injuries were proximately caused by Wal-Mart's negligence and having awarded her all medical expenses associated with treatment of her injuries, she points out, the jury awarded no money for her past physical pain. *Id.* Under Texas law, she contends, the jury's award of zero damages for her past pain is against the great weight of evidence as a matter of law, and therefore, a new trial is warranted. *Id.*

"Matters of pain and mental anguish are necessarily speculative, and it is particularly within the jury's province to resolve these matters and decide the amounts attributable thereto." *In re Orren*, 533 S.W.3d 926, 930 (Tex. App.—Tyler 2017, no pet.). "There is no 'bright line test' by which the courts of this state have determined to affirm or reverse jury verdicts which

fail to make affirmative findings of some elements of physical pain and mental anguish." *Balandran v. Furr's, Inc.*, 833 S.W.2d 648, 651 (Tex. App.—El Paso 1992, no writ).[11] "When uncontroverted, objective evidence of an injury is presented and the causation of the injury has been established, [Texas appellate] courts are more likely to overturn jury findings of no damages for past physical pain." *Lanier v. E. Founds., Inc.*, 401 S.W.3d 445, 455 (Tex. App.—Dallas 2013, no pet.). "However, a damage[s] award for physical pain is not always mandated when medical expenses are awarded." *Enright v. Goodman Distribution, Inc.*, 330 S.W.3d 392, 398 (Tex. App.—Houston [14th Dist.] 2010, no pet.). For example, "when there is conflicting evidence of the injury's cause or an alternative explanation for the injured party's reported pain, appellate courts have upheld zero damage[s] findings for physical pain despite the jury finding that the injured party is entitled to damages for medical expenses." *Grant v. Cruz*, 406 S.W.3d 358, 364 (Tex. App.—Dallas 2013, no pet.).

Here, Mijarez identifies three injuries that she claims are objective injuries and about which, she says, she presented uncontroverted evidence at trial: neck injury,[12] bump on her shin, and torn meniscus in her right knee. Suppl. Br. at 4–7; *see also* Mot. at 1–2, 4. She asserts that these injuries resulted in her pain and suffering. Suppl. Br. at 5. Below, the Court address each injury in turn.

---

[11] *See also Liberty Mut. Ins. Co. v. Parrish*, 469 S.W.2d 620, 623 (Tex. Civ. App.—Waco 1971, no writ) ("'Many cases can be cited pro and con on the question of the sufficiency of the evidence to sustain a jury's verdict. It would be difficult if not impossible to give a detailed explanation of the rule which would fit all cases. Each case must be determined separately according to the particular evidence presented.'" (quoting *Travelers Ins. Co. v. Wade*, 373 S.W.2d 881, 885 (Tex. Civ. App.—Dallas 1963, writ ref'd n.r.e.))).

[12] In her reply brief, Minjarez appears to forego her arguments based on her alleged neck injury; instead, she addresses only that "Plaintiff suffered an objectively verifiable injury to *her right lower extremity*." Reply at 2 (emphasis added).

### A. Neck Injury

On Minjarez's first visited with Dr. Palafox, he took x-rays of her neck. Mot. for New Tr., Ex. A (trial transcript), at 16:6 [hereinafter "Mot. Ex. A"], ECF No. 111-1. Dr. Palafox testified that her x-rays were "essentially okay." *Id.* He then referred her to Diagnostic Outpatient Imaging for MRIs of her neck and knee. *Id.* at 17:11–13. Based on the MRI of her neck, Dr. Luis-Ramos-Duran, a neuroradiologist, found no significant abnormalities, except for discopathy (meaning degenerative disc disease), and found that she had arthrosis (meaning arthritis). Mot. for New Tr., Ex. B (trial exhibit), at 28 [hereinafter "Mot. Ex. B"] (emphasis added), ECF No. 111-2; Mot. Ex. A at 17:18–18:5. Dr. Palafox testified that her discopathy could be preexisting or related to trauma. Mot. Ex. A at 17:22–23.

Although Mijarez cites to Dr. Palafox's testimony that the slip-and-fall incident "did cause injuries," presumably to her neck, *see* Suppl. Br. at 6 (citing Mot. Ex. A at 44:6–13), there was evidence at trial that in 2016, Minjarez sustained injuries to her neck, back, and arm from a hard-impact auto accident, Mot. for New Tr., Ex. C (trial transcript), at 136:23–137:20, 153:22–25, 159:2–6 [hereinafter "Mot. Ex. C"], ECF No. 111-3. Minjarez did not inform Dr. Palafox of the 2016 auto accident; he did not otherwise know about it until at trial; and, consequently, at trial, he was unable to rule out the 2016 accident as an alternative cause of her alleged neck injury, and therefore any alleged pain that resulted from this injury. Mot. Ex. C at 157:19–21, 159:7–9; Mot. Ex. A at 26:12–23, 27:3–25, 28:7–11.

Based on this conflicting and inconclusive evidence, the jury could have reasonably concluded that Minjarez had a pre-existing neck injury that was caused by the 2016 auto-accident or that was degenerative. The Court therefore denies her motion on the basis of her alleged neck injury. *See Biggs v. GSC Enter., Inc.*, 8 S.W.3d 765, 769 (Tex. App.—Fort Worth

1999, no pet.) (jury had the discretion to enter a zero damages award for physical pain, where there was evidence that plaintiff's low back pain was primarily related to a previous on-the-job injury, and the only medical expert at trial was unable to testify that the plaintiff's back problems predated the accident or occurred afterwards).

**B. Bump on Her Shin**

Minjarez points out that a Wal-Mart employee testified that he noticed "a small bump on her shin." Suppl. Br. at 4 (citing Mot. Ex. C at 68:18–20). Wal-Mart responds that Minjarez presented no evidence—specifically, no testimony from Minjarez or Dr. Palafox—at trial that the bump was caused by the fall only seconds earlier. Resp. at 2. In her reply brief, Minajrez fails to cite to any trial testimony that establishes causation of the bump.[13]

Consequently, the Court denies Minjarez's motion on the basis of the bump on her shin. *See Russell v. Hankerson*, 771 S.W.2d 650, 652 n.1 (Tex. App.—Corpus Christi 1989, writ denied) ("We recognize that the above rule only applies when the causation of the injury has been satisfactorily established.").[14]

---

[13] In her reply brief, Minjarez, for the first time, points to a notation in the medical records from the Del Sol Medical Center (shortly after the slip and fall incident, she was taken to Del Sol's emergency room) that states "Ecchymosis present." Reply at 3 (citing Mot. for New Tr., Ex. F (trial exhibit), at 38, ECF No. 111-6); *see also In re B.C.*, 2-06-180-CV, 2007 WL 939642, at *1 (Tex. App.—Fort Worth Mar. 29, 2007, no pet.) (Mem. Op.) ("An ecchymosis is the escape of blood into the tissues from ruptured blood vessels marked by a black-and-blue or purple spot or area." (citing Webster's Third New International Dictionary 718 (2002)). Because, in her motion and supplemental brief, she did not identify ecchymosis as an injury, Wal-Mart did not have an opportunity to respond to her argument based on same. Further, it does not appear that at trial, anyone, certainly not Dr. Palafox, testified to "Ecchymosis present." The Court therefore declines to consider her argument based on ecchymosis.

[14] Moreover, Texas appellate courts have declined to overturn a jury's zero damages award for pain on the account of similar minor injuries. *See Enright*, 330 S.W.3d at 402 ("The jury could have concluded on this record that any pain Enright reported in connection with the bruise he sustained from the 2005 accident was not compensable . . . because it was too slight[.]"); *Chadbourne v. Cook*, 05-99-00353-CV, 2000 WL 156955, at *1–*2 (Tex. App.—Dallas Feb. 15, 2000, no pet.) (not designated for publication) (holding the jury's refusal to award damages for pain was not against the great weight of the evidence, reasoning the jury could reasonably conclude that any pain plaintiff endured from a "minor cut on his nose," though an objective injury, was too negligible to warrant monetary compensation).

### C. Torn Meniscus

Minjarez cites Dr. Palafox's opinion testimony as the uncontroverted evidence of an objective injury to her meniscus. Suppl. Br. at 6–8. As noted above, on her first visit with Dr. Palafox, he determined that her x-rays "were essentially okay" and sent her for an MRI of her knee. Mot. Ex. A at 16:6, 17:11–13. At trial, on direct examination, Dr. Palafox testified that he reviewed the MRI results, *id.* at 17:11–12, and felt that "it's medically probable that the accident [*i.e.*, the slip-and-fall incident] made her knee worse and caused some injury to the meniscus," *id.* at 20:12–13. Minjarez argues that Wal-Mart could have disputed this injury to her meniscus—presumably by retaining a medical expert to interpret her medical records and render an opinion regarding the existence of her injury—but chose not to. Suppl. Br. at 1, 4. Consequently, she claims, her evidence of the meniscus injury is uncontroverted. *Id.*

Wal-Mart points to Dr. Palafox's testimony on cross-examination to argue that neither his original diagnosis of a torn meniscus nor his opinion regarding the traumatic origin of such injury are uncontroverted. Resp. at 4. On cross, Dr. Palafox was questioned about the opinions of Dr. Ankur Patel, a musculoskeletal radiologist, who reviewed her knee MRI and approved the MRI report which formed the basis, in part, of Dr. Palafox's opinion. Mot. Ex. A at 32:1–33:9. Dr. Patel found that "[l]ateral meniscus multifocal regions of abnormal signal may represent degenerative changes *or* tearing." Mot. Ex. B at 26 (emphasis added); *see also* Mot. Ex. A at 18:21–19:1. Dr. Palafox testified on cross as follows:

> Q. So based on the radiological studies that we currently have, we don't know if [Minjarez] has a tear or if it's just something that occurred over time from wear and tear; is that fair to say?
>
> A. Correct[.]

Mot. Ex. A at 33:5–9.

Based on this evidence, the jury could reasonably have concluded that Dr. Palafox's original opinion was controverted. *See Truck Ins. Exch. v. Smetak*, 102 S.W.3d 851, 855 (Tex. App.—Dallas 2003, no pet.) ("[A]n expert's testimony may be contradicted by the testimony of other witnesses or by cross-examination of the expert witness"), *accord Liberty Mut. Ins. Co. v. Burk*, 295 S.W.3d 771, 779–80 (Tex. App.—Fort Worth 2009, no pet.); *Blevins v. State Farm Mut. Auto. Ins. Co.*, 02-17-00276-CV, 2018 WL 5993445, at *11 (Tex. App.—Fort Worth Nov. 15, 2018, no pet.) (Mem. Op.); *see also Peterson v. Reyna*, 908 S.W.2d 472, 479 (Tex. App.—San Antonio 1995) ("An expert can be contradicted in more ways than by another expert. He can be contradicted by facts and observations of other witnesses and the parties themselves."), *modified on other grounds*, 920 S.W.2d 288 (Tex. 1996).

Moreover, additional evidence adduced at trial counsels against concluding that the jury's zero damages award for past pain is against the great weight and preponderance of the evidence. The jury watched the video of her fall as captured by Wal-Mart's in-store cameras. Dr. Palafox formed his opinions before he watched the video for the first time at trial. Mot. Ex. A at 36:15–17. Minjarez first visited Dr. Palafox one year after the slip-and-fall incident and nearly six months after she filed this lawsuit. There was also evidence that Dr. Palafox is no "stranger to litigation." *Blizzard v. Nationwide Mut. Fire Ins. Co.*, 756 S.W.2d 801, 805 (Tex. App.—Dallas 1988, no writ); Mot. Ex. A at 39:6–10. Further, regarding the 2016 auto accident, on cross examination, Dr. Palafox testified as follows:

> Q. For example, in this particular case, Ms. Minjarez did not tell you that, in 2016, she had been in a car accident where she had injured her neck, back and arm. Were you aware of that, Doctor?
> A. No, I was not.
> . . .
> Q. You were not aware that she was in a car accident where she had a hard impact; is that right?
> A. Correct.

> Q. And, Doctor, when you are in a car accident, if you are using your right foot, you can have a *meniscus tear* from that -- from that car accident; isn't that fair to say?
> A. Yes, you can. I have seen that, yes.
> Q. And you didn't know that she was barely recovering at the time of the accident from her 2016 car accident? Did you know that?
> A. No.
> Q. And did you know that she still had pain at the time of that accident?
> A. Pain at the time of the accident?
> Q. At the time of the Walmart accident.
> A. No, I did not.

Mot. Ex. A at 26:11–27:11 (emphasis added).

Based on the evidence, the jury could have reasonably concluded that Minjarez's meniscus had a pre-existing injury—either from degenerative wear and tear or from the 2016 auto accident. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986) ("The trier of fact has several alternatives available when presented with conflicting evidence. It may believe one witness and disbelieve others. It may resolve inconsistencies in the testimony of any witness."). To the extent that the jury found that the slip-and-fall incident caused further injury to her meniscus, the jury could have reasonably found that such injury was "less serious and accompanied only by subjective complaints of pain," and therefore, it could have reasonably believed that Minjarez "should be compensated for seeking enough medical care to ensure that the injury was not serious yet nonetheless conclude that [she] never suffered" compensable pain. *Cf. Enright*, 330 S.W.3d at 398 (internal quotes and citations omitted). The Court denies her motion on the basis of her meniscus injury.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Maria Dolores Minjarez's "Rule 59 Motion to Alter or Amend the Judgment or Motion for New Trial" (ECF No. 101) is **DENIED**.

A final judgment consistent with this opinion and with the jury's verdict (ECF No. 94) will be entered.

So ORDERED and SIGNED this 30th day of May 2019.

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**